IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



UNITED STATES OF AMERICA )
)
v. ) 1:08cr453 (LMB)
) 1:09cv1399 (LMB)
VIDHYANAND MAHASE, )
a/k/a "Vick Mahase," )
)
    Defendant. )
)

## MEMORANDUM OPINION

The defendant, pro se, has filed a Motion Pursuant to 28 U.S.C. § 2255 [27] in which he argues that the 78 month sentence imposed on February 6, 2009, is unconstitutional. Specifically, he alleges that he was denied due process and the effective assistance of counsel in connection with his sentencing. Because these claims are completely meritless, they will be summarily dismissed without a response from the United States.[1]

### I. Background

On November 21, 2008, the defendant, who was a licensed pharmacist, pled guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). As

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:
    The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

part of his Plea Agreement, the defendant waived his right to appeal any sentence or the manner in which it was imposed, as long as the sentence did not exceed the statutory maximum, in exchange for the government agreeing to recommend the defendant be awarded a two-level reduction in the offense level for mitigating role. Part of the Plea Agreement required the defendant's cooperation. He had been debriefed before entering his plea and some of the information from the debriefing was included in the Statement of Facts that accompanied and was part of the Plea Agreement. Paragraph 7 of the Statement of Facts included the following: "On or about the night of January 2, 2008, CC-1 and five other individuals confronted the defendant with guns in the parking lot of the Safeway at which the defendant was a pharmacist. CC-1 hit the defendant with the butt of his gun and told the defendant that if he didn't continue to fill the fraudulent prescriptions, CC-1 knew where the defendant and his wife lived." The defendant testified to the same facts before a grand jury. He has since admitted that the statements about the assault and threat were lies. These false statements were the basis of a separate prosecution, 1:09cr510, in which the defendant pled guilty to two counts of perjury, and was sentenced on March 13, 2009 to 24 months incarceration to run consecutive to the 78 month sentence imposed in this case.

The Presentence Report ("PSR") prepared for the oxycodone

case calculated the base offense level under U.S.S.G. §§ 2D1.1(a)(3) and (c)(4) as 32,[2] which was reduced two levels under U.S.S.G. § 2D1.1(b)(11), but increased two levels under U.S.S.G. § 3B1.3 for use of a special skill, with the resulting offense level being 32. Because defendant had no previous conviction, his criminal history score was a one yielding an advisory guideline range of 121 to 151 months. The PSR did not award the defendant either the two-level reduction for minor role which the government had agreed to recommend to the Court or the two-level reduction for acceptance of responsibility because the defendant had committed perjury during his debriefings.

At the sentencing hearing the government stood by the Plea Agreement and recommended the minor role adjustment. The Court agreed to award the adjustment and also gave the defendant a two-level reduction for acceptance of responsibility because he had saved the government the expense of a trial. That four-level adjustment reduced the offense level to 28 with a resulting guideline range of 78 to 97 months. Defendant was sentenced to 78 months. In explaining the reasons for that sentence the Court specifically referenced defendant's status as a pharmacist who

---

[2] All references to the Sentencing Guidelines are from the 2008 edition, which was in effect when the defendant was sentenced. As discussed in footnote 3, infra, the defendant mistakenly cited to the 2009 edition, which became effective November 1, 2009, months after the defendant was sentenced.

should have appreciated the serious health risks associated with oxycodone abuse, and the fact that there was nothing in the defendant's background such as mental illness, poverty, or addiction to explain the motivation for his criminal activity. The Court also cited the aggravating fact that in addition to enabling these controlled narcotics to get into the illegal drug market the defendant revealed his pharmacy's legitimate customers' personal information to co-defendants who used that information to file false insurance claims. Based on these 18 U.S.C. § 3553(a) factors the Court concluded, "I think that a sentence of 78 months in the custody of the Bureau of Prisons is an appropriate and reasonable sentence. It's not more severe than necessary, but it is appropriate to adequately punish . . . this conduct and send an absolutely clear message to people in the pharmacy industry." Transcript of sentencing hearing (hereinafter "Tr. Sent. hr'g") at 14-15).

## II. DISCUSSION

Review of a conviction or sentence under § 2255 is limited to constitutional or jurisdictional challenges. Claims of errors in how a court calculated or applied the sentencing guidelines are not cognizable under § 2255. See e.g. United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) (improper application of the guidelines by a district court is a non-constitutional issue that could have been raised on direct appeal

and is not reviewable under collateral review). See also United States v. Goines, 357 F.3d 469, 477 (4th Cir. 2004).

A. *Sentencing Guideline Calculation Claim*

Defendant argues that when the Court awarded him the minor role adjustment under U.S.S.G. § 3B1.2(b) it also had to reduce the base offense level an additional two levels under U.S.S.G. § 2D1.1(a)(3)(i).[3] In addition, he objects to the Court denying him a third level reduction for extraordinary acceptance of responsibility. He also complains that the government should have brought the value of his cooperation, despite the perjury, to the Court's attention. Under defendant's theory, the Court should have used a level 25 offense level in calculating the guidelines, which would have come out to a range of 57 to 71 months. He claims his counsel was ineffective in the sentencing process by not raising these issues. On the basis if this argument he asks the Court to vacate the 78 month sentence and resentence him.

Even if defendant's allegations about how he was sentenced could be raised in a § 2255 motion, they would fail because they

---

[3] In his motion defendant incorrectly cites to U.S.S.G. § 2D1.1(a)(5)(i), which is from the 2009 Manual. The guideline in effect when he was sentenced was § 2D1.1(a)(3)(i), which provides that where "(A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by two levels . . ." This Memorandum cites to the applicable guideline section from the 2008 edition.

5

lack any merit.

Defendant complains that he should have received a third level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). He supports this claim by arguing that because he entered his guilty plea early in the proceeding, thereby saving the government the time and expense involved in preparing for trial, he should have received the full three-level reduction. Under U.S.S.G. § 3E1.1(a), where a defendant "clearly demonstrates acceptance of responsibility for his offense" the offense level may be decreased two levels, and if a defendant receives that two-level decrease, the offense level remains a 16 or higher and the government files a motion, a third level reduction may be given. The third level reduction cannot be given by the Court sua sponte. Instead, the government must file a motion requesting the reduction. In this case the government did not file the required motion. Therefore, the Court could not have granted it. Moreover, the defendant is fortunate the Court granted him any reduction for acceptance of responsibility and did not increase the offense level two levels for obstruction of justice, given his perjurious conduct. See United States v. Kiulin, 360 F.3d 456, 460-61 (4th Cir. 2004) (making false statements to an agent regarding a co-conspirator's role in the offense justified obstruction of justice increase to offense level).

Defendant next argues that the Court erred in not reducing the offense level two levels under U.S.S.G. § 2D1.1(a)(3)(*i*). Although that argument is correct, any error was harmless because the resulting guideline range would have been 63 to 78 months, a range within which defendant's sentence still fell.

Lastly, the sentencing guidelines are only one factor the sentencing court must consider in determining an appropriate sentence. In this case, the Court supported the sentencing decision on the basis of several aggravating factors including the defendant's having lied before the grand jury and during his guilty plea, his disseminating innocent parties' personal information to conspirators, the length of time he participated in the conspiracy, the dangerous nature of the drug at issue, the abuse of a special skill, the lack of any extenuating circumstances to account for involvement in the crimes and the need to deter others in the pharmaceutical profession from engaging in illegal distribution of controlled substances. Tr. Sent. hr'g at 13-14. Any appellate review of the sentence imposed would have affirmed it because it fully complied with the requirements of 18 U.S.C. § 3553(a).

B. Ineffective Assistance of Counsel Claim

To succeed on an ineffective assistance of counsel claim, the defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). First, he must

7

show that counsel's performance was "deficient." Id. at 687. Deficient performance is shown when "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. However, counsel is "strongly presumed to have rendered adequate assistance." Id. Second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The defendant bears the burden of proving both of these prongs. Fields v. Attorney Gen. of State Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). If the defendant fails to meet his burden of showing Strickland prejudice, the Court need not address the issue of counsel's performance. Id.

Defendant complains that his counsel was ineffective at the sentencing hearing for failing to recognize that a mitigating role adjustment would result in an additional two-level reduction to the offense level under U.S.S.G. § 2D1.1(a)(3)(i). In his sentencing memorandum defense counsel argued that the offense level calculated in the PSR should be reduced five levels (two for minor role and three for acceptance of responsibility), but he did not point out the effect of the minor role adjustment under U.S.S.G. § 2D1.1(a)(3)(i). Given the uphill battle defense counsel had to wage to get the guidelines reduced as far as they were, defendant's claim that this oversight in any respect

8

prejudiced him is simply ludicrous. As this Court made clear, the 78 month sentence was appropriate.

Defendant also alleges that counsel was ineffective in advising him about his appeal rights. According to the defendant's affidavit, made under penalty of perjury, defendant had a conversation with counsel immediately after the sentencing hearing on February 6, 2009, in which counsel advised him "in no uncertain terms" that he must not appeal, "that there were no issues to appeal and that I waived my right to appeal." He also avers that in the same conversation his counsel warned that the perjury case was still open and "that any appeal will affect the outcome." Aff. at ¶¶ 8 and 10. Nowhere in his affidavit does the defendant indicate that after receiving that advice he directed counsel to file an appeal, and at no place in the § 2255 motion does defendant argue that counsel failed to file an appeal after being instructed to do so. The only issue defendant raises is that counsel's advice not to appeal constituted ineffective assistance.

Contrary to defendant's view of counsel's advice, that advice was absolutely valid and well within the range of professional competence. Counsel was correct in telling the defendant that there were no issues to appeal and that he had waived his right to appeal. Even if there had been a minor error in calculating the offense level, as explained above, the

resulting guideline range would have encompassed the sentence imposed by the Court. Moreover, the Court considered numerous non-guideline factors, as required by 18 U.S.C. § 3553(a), in determining the appropriate sentence. Following the new deferential approach to the sentencing decisions of the district courts announced in United States v. Booker. 543 U.S. 220, 260-63 (2005), an appellate court will not overturn a sentence unless it was unreasonable or involved an abuse of discretion. Accord Gall v. United States, 552 U.S. 38, 41 (2007).

In addition to properly advising the defendant that he had no appeal-worthy issues, counsel correctly advised the defendant that he had waived his right to appeal the sentence. As paragraph 6 of the Plea Agreement made clear, defendant waived "the right to appeal the conviction and any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any grounds whatsoever . . ." (emphasis added). The sentence imposed was well within the statutory maximum and the defendant has not alleged that his guilty plea was defective, made unknowingly or involuntarily or that counsel was ineffective in advising him about the plea. On this record, the Court of Appeals would most certainly enforce the waiver, and summarily dismiss any appeal. See, e.g., United States v. Cohen, 459 F.3d 490, 493-95 (4th Cir.

2006), cert. denied, 549 U.S. 1182 (2007); United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir. 2005), cert. denied, 546 U.S. 952 (2005); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Lastly, counsel's advice that an appeal might prejudice defendant during the sentencing proceeding in the perjury case, which was set for March 2009, was certainly appropriate strategic advice for which there is a strong presumption of reasonableness. Strickland, 466 U.S. at 690.

In the Fourth Circuit, an attorney who fails to follow a client's "unequivocal instruction to file a timely notice of appeal" is deemed to have provided constitutionally ineffective assistance of counsel. United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). The defendant has the burden of proving that he unequivocally instructed his counsel to file the notice of appeal. As discussed above, the defendant has neither argued that counsel failed to file the notice of appeal after being directed to do so nor averred in his affidavit that he instructed his counsel to do so after hearing counsel's assessment of the likelihood of success on appeal and the possible effect of an appeal on the sentencing in the perjury case. The reasonable inference to be drawn from the defendant's motion and affidavit is that he accepted counsel's advice and did not direct him to pursue an appeal.

Given this record and the applicable law cited above, there is no merit to any of the claims in this § 2255 motion, which will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 12th day of January, 2010.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge